9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Lee HUGHES, Jr., Petitioner-Appellant,
v.
Theo WHITE, Warden at Folsom Prison, Respondent-Appellee.
 No. 93-15737.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Lee Hughes, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief. The district court dismissed Hughes' petition as successive. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review for an abuse of discretion. Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988); cert. denied, 493 U.S. 906 (1989). We affirm.
 
 
 3
 A petition is successive and may be dismissed if it raises no grounds for relief that are new or different from the claims raised in an earlier petition, and the claims have been previously been decided on the merits. Rule 9, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; Campbell v. Blodgett, 997 F.2d 512, 515-16 (9th Cir.1993). A petitioner must show cause and prejudice before a court will reach the merits of a successive petition. Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992). Even if a petitioner cannot meet the cause and prejudice standard, a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a "miscarriage of justice," such as where "a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 4
 Hughes concedes that this is successive petition[1] and that he cannot show cause and prejudice for his failure to raise these claims in his earlier petitions. Nevertheless, Hughes argues that he is entitled to habeas relief because he has supplemented his claim with a colorable showing of factual innocence. Hughes, however, does not argue that exculpatory evidence exists and was improperly excluded from the his trial. Instead, Hughes argues that there was insufficient evidence to sustain his conviction.
 
 
 5
 Hughes' claims amount to nothing more than an attack on the credibility of the witnesses. Moreover, Hughes has not shown that the evidence produced at trial, giving due regard for the unreliability of the eyewitness testimony, proves that he did not commit the crime. See Sawyer, 112 S.Ct. at 2519 n. 5; Kuhlmann v. Wilson, 477 U.S. 436, 454-55 n. 17 (1986).[2]
 
 
 6
 Accordingly, we conclude that the district court did not abuse its discretion in dismissing Hughes' third petition for writ of habeas corpus.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hughes' first federal petition for habeas relief alleged three grounds for relief: (1) jury and prosecutorial misconduct, (2) ineffective assistance of appellate counsel, and (3) improper jury instruction on the felony murder charge. The district court denied Hughes' petition, 699 F.Supp 779 (N.D.Cal.1988), and we affirmed the denial, Hughes v. Borg, 898 F.2d 695 (9th Cir.1990). Hughes filed a second habeas which was dismissed as successive on January 31, 1992. We denied Hughes' petition for a certificate of probable caused and dismissed his appeal
 
 
 [2]
 In affirming the district court's dismissal of Hughes' first habeas petition, we noted "the existence of other evidence which overwhelmingly established Hughes' guilt." Hughes, 898 F.2d at 705
 
 
 [3]
 We deny Hughes' motion to "correct the record on appeal."